**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO ZUAZO-RODRIGUEZ, | No. 14-71554 |
| Petitioner, | Agency No. A092-566-473 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:      LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Arturo Zuazo-Rodriguez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") order denying his motion to reopen his

deportation proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Mohammed v.*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying as untimely Zuazo-Rodriguez's motion to reopen. Zuazo-Rodriguez filed the motion nearly fifteen years after the September 30, 1996, filing deadline, *see* 8 C.F.R. § 1003.23(b)(1), and failed to establish that he qualified for equitable tolling of the filing deadline based on the alleged due process violations committed by the IJ in Zuazo-Rodriguez's original proceedings, *see Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011) (equitable tolling is available when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud or error).

We lack jurisdiction to review the BIA's decision not to reopen sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (this court lacks jurisdiction to review challenges to the BIA's discretionary decision not to invoke its sua sponte authority).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

14-71554